**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MOLLIE MCGUIRE,<br><br>Plaintiff,<br><br>v.<br><br>COOK COUNTY STATE'S ATTORNEY'S OFFICE, and COUNTY OF COOK,<br><br>Defendants. | Case No. 25-cv-15598<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants Cook County State's Attorney's Office and Cook County's (collectively "Defendants") Partial Motion to Dismiss the Amended Complaint of Plaintiff Mollie McGuire ("Plaintiff" or "McGuire") under Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, Defendants' Partial Motion to Dismiss [14] is granted.

## I. Procedural and factual background

The following factual allegations taken from the operative complaint [10] are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

Plaintiff Mollie McGuire began working as an Assistant State's Attorney ("ASA") with the Cook County State's Attorney's Office ("CCSAO") in April 2023. [10] ¶1. On April 22, 2024, McGuire began leave pursuant to the Family and Medical

Leave Act ("FMLA"). *Id.* ¶2. McGuire requested to return to work by August 26, 2024. *Id.* ¶6.

McGuire submitted a formal Americans with Disabilities Act ("ADA") accommodation request on August 21, 2024, while still on leave, to the CCSAO Director of Diversity, Equity, and Inclusion. [10] ¶7. McGuire requested to use Teams videoconferencing for calls rather than audio-only calls due to sensioneural hearing loss. *Id.* McGuire was approved to return to work on August 24, 2024. On August 27th, McGuire was placed on involuntary unpaid leave until her ADA paperwork was reviewed. *Id.* ¶27.

McGuire submitted documentation of her hearing loss and met with Human Resources ("HR") on August 29, 2024. *Id.* ¶¶10-12. During the meeting with HR, McGuire avers the HR representatives sought documentation for conditions that she was not seeking an accommodation for. *Id.* McGuire offered to allow CCSAO to search her phone, emails, and computer, but Defendants declined. *Id.* On August 30, 2024, McGuire submitted another medical letter affirming that she was able to return to work. *Id.* ¶13.

On September 3, 2024, HR notified McGuire of an internal investigation into her conduct. *Id.* ¶14. The investigation was based upon "serious allegations of misconduct and unprofessional behavior" which had been raised during her leave. *Id.* McGuire was accused of using a confidential database to research a colleague's family. *Id.* ¶17. McGuire denied the claims, offering phone records to disprove the allegations. *Id.* She was allowed to return to work on September 4, 2024, but in a

"'Temporary CP Non-Courtroom Support ASA' position with diminished responsibilities." *Id.* ¶15.

McGuire alleges that she was isolated from colleagues and subjected to a hostile work environment throughout September and October of 2024. *Id* ¶16. The investigation took six weeks. *Id* ¶18. On November 14, 2024, McGuire was told the investigation had concluded and found that she had "objectively displayed misconduct and unprofessional behavior towards her coworkers." *Id* ¶20. Due to the results of the investigation, she would be required to meet with HR, participate in several trainings, and refrain from the alleged conduct. *Id.* ¶21. McGuire resigned from CCSAO that day, effective immediately. *Id.* ¶22. She cited a discriminatory culture and cruel treatment from colleagues as the cause of her resignation. She alleges this was a constructive discharge. *Id.*

Plaintiff McGuire filed the Amended Complaint on January 12, 2026. [10]. McGuire seeks damages for violations of the Americans with Disabilities Act/Americans with Disabilities Act Amendments Act (collectively described as "ADA") (42 U.S.C. §§ 12101-12213); the Family and Medical Leave Act ("FMLA") (29 U.S.C. §§2601-2654); and the Illinois Human Rights Act ("IHRA") (775 ILCS 5). *Id.* ¶¶19-32.

On March 20, 2026, Defendants Cook County and Cook County State's Attorney's Office (CCSAO) filed their Answer to the Amended Complaint, along with a Partial Motion to Dismiss. [13], [14]. Defendants have moved under Fed. R. Civ. P.

12(b)(6) to dismiss Cook County as a party for all claims with prejudice, and to dismiss Count VI of the Amended Complaint alleging constructive discharge. [14] at 2.

## II. Standard

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotation omitted). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

## III. Analysis

The Partial Motion to Dismiss argues that Defendant Cook County and Count VI of the Amended Complaint and should be dismissed with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

### A. Defendant Cook County

Both parties agree that McGuire was employed by CCSAO [10]. Defendants argue that Cook County must be dismissed as it is "an entity that is separate and apart from the State's Attorney's Office." [14] at 4-5; [21] at 3; *See Biggerstaff v. Moran,* 284 Ill. App. 3d 196, 199-200 (1st Dist. 1996); *Burger v. County of Macon*, 942 F.3d 372, 374-375 (7th Cir. 2019) (affirming dismissal of termination claim brought by ASA against the County because the Court has "recognized that Illinois State's Attorneys are state, rather than county, officers," even when the county pays a portion of their salaries).

McGuire responds that while Cook County was not a direct employer, it may be a "joint employer" under the factors spelled out in *Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377, 378–79 (7th Cir. 1991). [19] at 4. McGuire distinguishes the cases cited by Defendants because they are concerned about County's vicarious liability for the actions of individual state attorneys, not Cook County's liability for the conduct of the CCSAO. *Id.* at 5, 6. Plaintiff misreads the cases Plaintiff cites.

In Illinois, "State's Attorneys are employees of the State of Illinois." *McGrath v. Gillis*, 44 F.3d 567, 571 (7th Cir. 1995). Illinois grants "exclusive control over the internal operations of the State's Attorney's Office directly to the State's Attorney; the county cannot choose otherwise." *Burger* at 375 (stating that under 55 ILCS 5/3-9006, the State's Attorney is responsible for internal operations of the office). Because of this statutory scheme, compared to the Cook County Sheriff's Office, "the State's Attorney is a step further away from having an employment relationship with Cook County because he is a state officer whose office was constitutionally created under the judiciary article." *Biggerstaff* at 784.

McGuire relies on *Knight v. United Farm Bureau Mutual Ins. Co.,* 950 F.2d 377 (7th Cir. 1991) to assert that Cook County *may* be found to be a joint employer alongside CCSAO.[1] The Court in *Knight* set out a five-factor test to determine "whether a defendant who is not the plaintiff's direct employer can be held liable under Title VII." The *Knight* factors examine:

> "(1) the extent of the [alleged] employer's control and supervision over the employee; (2) the kind of occupation and nature of skill required, including whether skills were acquired on the job; (3) the employer's responsibility for the costs of operation; (4) the method and form of payment and benefits; and (5) the length of the job commitment." *Id.* at 380.

McGuire relies on *James v. Cook Cty*, No. 22 CV 03232, 2023 WL 7050019 at *4 (N.D. Ill. Oct. 26, 2023) and *Howard v. Cook Cty*, No. 17 C 8146, 2022 WL 1404833 at

[1] McGuire asserts she needs additional fact discovery into these claims before dismissal. However, Rule 12 is limited to the face of the complaint and the sufficiency of the Plaintiff's pleadings. "Plaintiffs are not entitled to discovery for the purpose of surviving a motion to dismiss." *Cain v. Lane*, 985 F.2d 563 (7th Cir. 1993) (citing *Strauss v. City of Chicago,* 760 F.2d 765 (7th Cir.1985). Therefore, the Court will address the motion without additional fact discovery.

*7 (N.D. Ill. May 4, 2022). These cases are inapposite because they involved claims brought by employees of Cook County and the Cook County Sheriff's Office—not employees of the State's Attorney's office. *James* and *Howard* both address discrimination claims by female healthcare workers of Cook County Jail. *See James* at *4; *Howard* at *7. The *James* and *Howard* plaintiffs were employees of Cook County and worked at the Cook County Jail—where the Cook County Sheriff's Office controlled their day-to-day environment. *Howard* at *8; *James* at *4. All parties agreed that Cook County was the primary employer for Plaintiffs. The question was whether the Cook County Sheriff's Office could be considered an employer as well. *Id.*

These cases have no bearing on McGuire's case. Here, McGuire does not allege employment or control over her work by Cook County, nor could she. The CCSAO is a state entity, established under Illinois law. McGuire was a state employee when she was employed at the State's Attorney's office. Cook County is not a proper party.

For these reasons, Cook County is dismissed from this case with prejudice.

**B. Constructive Discharge**

Defendants move to dismiss Count VI which alleges constructive discharge. Defendants argue that constructive discharge is limited to "the most egregious circumstances," and requires that the Plaintiff believe her termination was imminent, or that working conditions are unbearable. [14] at 5-6; [21] at 4. Because there are no allegations that the investigation into Plaintiff would result in termination and the allegations do not rise to the level of an unbearable work

environment, Defendants argue that Plaintiff has failed to sufficiently state a claim for constructive discharge. *Id.* at 6.

McGuire responds by arguing there are a "variety of circumstances" that may support a constructive discharge claim, including false allegations, demotion, and restrictions on a plaintiff's duties. [19] at 6.

An employee is constructively discharged if she (1) is subjected to a discriminatory work environment more egregious than the standard for a hostile work environment; or (2) is subjected to working conditions so intolerable that a reasonable person would feel compelled to resign. *Beverly v. Abbott Lab'ys,* 107 F.4th 737, 745-46 (7th Cir. 2024). Both bases for constructive discharge require conditions that are "pervasive and extreme." *Id.* At the pleadings stage, the Plaintiff need only adequately allege facts supporting their claim. *See Rao v. Gondi*, No. 14 C 66, 2015 WL 9489908, at *3 (N.D. Ill. Dec. 30, 2015).

The Seventh Circuit found constructive discharge was adequately pled in *Levenstein v. Salafsky*, 164 F.3d 345 (7th Cir. 1998). There the Plaintiff, a university doctor, alleged that he was subjected to a false investigation which was followed by an over 11-month suspension during which the University violated its own policies. *Id.,* at 350-351. In *Rao v. Gondi*, No. 14 C 66, 2015 WL 9489908 (N.D. Ill. Dec. 15, 2015), the Plaintiff adequately pled constructive discharge where the plaintiff, a college professor, alleged that Defendants investigated anonymous and unfounded plagiarism allegations against him, threatened to publicize the allegations if he

refused to resign, and ignored similar claims against two non-Indian professors. *Id.,* 2015 WL 9489908, at *3.

In contrast, the Court in *Palka v. Shelton*, 623 F.3d 447, 453 (7th Cir. 2010), held that the plaintiff had failed to allege constructive discharge. Palka, a Cook County Deputy Sheriff, was accused of making a phone call threatening the children of a Chicago Police officer. *Id.* at 450. The accusation led to an internal investigation; Palka was de-deputized and placed on paid suspension. *Id.* at 451. As the investigation and disciplinary proceedings continued, Palka was given the option to resign or be referred for criminal prosecution. He refused to resign. *Id.* Later, when charges against him reached the Merit Board, Palka was again offered the choice to resign with full benefits or proceed with the disciplinary action; Palka resigned. *Id.* The Seventh Circuit observed that "[c]onstructive discharge occurs when an employer makes employment so unbearable that an employee resigns; coerced resignation is characterized by the presence of a Hobson's choice in which the employee must resign or suffer severe consequences, such as facing criminal charges." *Id.*, at 453. In affirming the dismissal of the case, the Court concluded "that Palka decided to resign rather than risk an unfavorable Merit Board decision [did] not make his resignation involuntary." *Id.* at 453.

In the present case McGuire chose to resign. She alleges that Defendants conducted a "pretextual investigation," accused her of having disabilities that she had not previously disclosed, and demoted and excluded her from the work environment after she returned from FMLA leave. [10] ¶24. That may form the basis or a

discrimination or retaliation claim, but the investigation was concluded and there was *no* threat that McGuire would be terminated. The investigation results required her to meet with HR, complete training, and not engage in the same conduct in the future. *Id.* ¶21. Moreover, there are no allegations that the Defendant failed to follow its procedures in conducting the investigation. In addition, McGuire has stated claims for violations of the ADA, the FMLA and the IHRA which the Defendant has responded to—but Plaintiff has not made allegations that her working conditions were so intolerable that a reasonable person would feel compelled to resign. Rather, she submitted her resignation immediately after the findings of the investigation were revealed.

Taking the facts in the Amended Complaint in the light most favorable to McGuire, and making all reasonable inferences in her favor, the Court finds she has failed to state a claim for constructive discharge. For these reasons, Count VI of the Amended Complaint is dismissed.

## IV. Conclusion

For the stated reasons, Defendants' Partial Motion to Dismiss [14] is granted.

E N T E R:

Dated: October 21, 2026

Mary M Rowland

MARY M. ROWLAND
United States District Judge